1 | Kenneth D. Freundlich (SBN: 119806)
**SCHLEIMER & FREUNDLICH, LLP**
2 | 9100 Wilshire Blvd. Ste. 615 East
Beverly Hills, CA 90212
3 | P: 310.273.9807
F: 310.273.9809
4 | E-Mail: kfreundlich@earthlink.net

5 | Kenneth J. Ashman (Pro Hac Vice Application pending)
**ASHMAN LAW OFFICES, LLC**
6 | 55 West Monroe Street, Suite 2650
Chicago, Illinois  60603
7 | P:  312.596.1700
F:  312.873.3800
8 | E-Mail:  KAshman@AshmanLawOffices.com

9 | *Attorneys for Defendant Victor Horowitz*

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STAFFING SOLUTIONS, INC.,          )   CV 08-03312 (R-FFMx)
a corporation,                                                   )
13 |                                                                       )
                                                                           )
14 |               Plaintiff,                                      )   **NOTICE OF MOTION TO**
                                                                           )   **TRANSFER VENUE**
                                                                           )   **TO THE NORTHERN**
15 |                                                                    )   **DISTRICT OF ILLINOIS**
                                                                           )
16 |        v.                                                        )
                                                                           )
17 | VICTOR HOROWITZ, an individual;         )
MERCY HEALTHCARE AND                        )
18 | REHABILITATION CENTERS; and            )   Date: July 21, 2008
DOES 1 through 50, inclusive,                     )   Time: 10:00 a.m.
                                                                           )   Dept: "8" (Hon. Manuel L. Real)
19 |                                                                    )
                                                                           )
20 |               Defendants.                               )   Trial Not Set
                                                                           )

21 |

22 | **TO PLAINTIFF AND ITS COUNSEL OF RECORD HEREIN:**

23 |         **PLEASE TAKE NOTICE** that Defendant Victor Horowitz, shall move for an order

24 | transferring this case to the Eastern District of Illinois. Said motion shall be brought pursuant to

25 | 28 U.S.C. §1404(a), on July 21, 2008 at 10:00 a.m., in Department 8 of the United States District

26 |

27 | **Motion To Transfer Venue to the Northern District of Illinois**
**08 CV 00312 (R-FFMx)**

28 |

1  Court for the Central District of California, located at 312 North Spring Street, Los Angeles,

2  California, or at such time thereafter as the matter may be heard.

3      The motion shall be based on this Notice, the attached Memorandum of Points and

4  Authorities, the Affidavit of Victor Horowitz submitted herewith and on such other and further

5  evidence and argument as may be presented at or before the time of hearing.

6      This motion is made following the conference of counsel pursuant to L.R. 7-3 which took

7  place on May 27, 2008.

8  **Dated: May 27, 2008**

                             **SCHLEIMER & FREUNDLICH, LLP**
**KENNETH D. FREUNDLICH**

BY: _(signature)_
**Kenneth D. Freundlich**
**Attorneys for Defendant Victor Horowitz**

13  *Of Counsel*:
**Kenneth J. Ashman**
**ASHMAN LAW OFFICES, LLC**
**55 West Monroe Street, Suite 2650**
**Chicago, Illinois  60603**
**(312) 596-1700**

**Introductory Statement**

The complaint in this action arises out of the alleged unexcused failure of Defendants to pay Plaintiff for certain temporary employees and personnel it provided to the "Mercy" entity Defendant in Illinois.[1]

Seeking to obtain an unfair advantage, Plaintiff filed this action in the Los Angeles Superior Court[2], and intentionally omitted any allegations that:

(i) Defendant Mercy is based in *Homewood, Illinois*[3] *and its nursing homes are all located in Homewood*[4];

(ii) Defendant Horowitz is domiciled in *Chicago, Illinois*[5];

---

[1] The named Defendants are Victor Horowitz (on an alter-ego theory) and "Mercy Healthcare and Rehabilitation Centers", an entity that does not exist. *See* Affidavit of Victor Horowitz dated May 26, 2008 ("Horowitz Aff."), ¶3. Since the purchase orders upon which this lawsuit is based emanated from an entity called Mercy Nursing & Rehab Center, LLC, an Illinois limited liability company, Plaintiff likely refers to this Mercy entity and for the purposes of this Motion, Horowitz will refer to this Defendant as "Mercy". Horowitz Aff. ¶3.

[2] This case was originally filed in Los Angeles Superior Court and was removed to this Court based on diversity jurisdiction. Since the Complaint omitted any allegation about the location of the Defendants - which would have made their choice of a California venue absurd on its face - Horowitz included his sworn affidavit with the Notice of Removal demonstrating that both he and the entity he believes to be the Mercy Defendant are domiciled in Illinois.

[3] Horowitz Aff. ¶3.

[4] Although Plaintiff's complaint cleverly avoids any allegation concerning the location or domiciles of "Client" (Mercy) or Horowitz (whose domicile is, not surprisingly, Chicago Illinois, *See* Horowitz Aff. ¶ 2), Plaintiff alleges that services were provided to "Client", who is Mercy, and Mercy's business is in Homewood, Illinois. Horowitz Aff. ¶ 4.

[5] See Horowitz Aff. ¶ 2.

---

1

2    (iii) All negotiations and other discussions of any contract between the parties, oral or
written, occurred in *Illinois* between Mercy and Plaintiff's Oak Lawn, Illinois office.[6]

3    (iv) Plaintiff provided all of the services on which the Complaint is based from its offices in

4    Oak Lawn, Illinois to Defendant's Chicago-based business locations.[7] Indeed, because

5    Plaintiff provided professional nursing services, all temporary employees provided were

6    required to be licensed by Illinois[8]; and

7    (v) All of the witnesses that are relevant to this action are located in Illinois.[9]

8    Such "forum shopping" should not be condoned. *See Reiffen v. Microsoft Corporation*, 104

9    F. Supp. 2d 48, fn. 12 (D.C. Cir. 2000).[10]

10

11

12

13    _____

14    [6] Horowitz Aff. ¶ 5. Indeed, none of the events forming the basis of Plaintiff's Complaint occurred
in California, but instead occurred in Illinois (to the extent they occurred at all). Horowitz Aff. ¶ 5.

15
    [7] Horowitz. Aff. ¶¶ 5, 6.

16
    [8] See the Illinois Nurse Practice Act, 225 ILCS 65/50-1, *et seq.*

17
    [9] Plaintiff's claim is that it fully performed the contract in question, and that Defendants failed to pay

18    for the services provided. All of the witnesses with knowledge of the negotiation, execution, and/or
performance of any contract were employed in Illinois during the time in question and to the best of

19    Horowitz' knowledge still reside in the Chicago, Illinois area: They include: **Vicki Brucker**, a former
employee of Mercy who has knowledge of the circumstances surrounding the execution of the contract and

20    its performance; **Pat Willis**, another former Mercy employee who was responsible for keeping track of
contracts and other records for Mercy, including the alleged contract here; and, **Jane Snyder**, a former

21    employee of both Mercy and United Staffing during the time period in question. Horowitz Aff., ¶ 7.

22
    [10] In fact, although this Court must accord weight to Plaintiff's chosen California forum, it should

23    note that although Plaintiff does have an office here, its relevant satellite office, through which all business
relevant to this case was conducted, is NOT in California but rather in Illinois. Transfer is also proper here

24    for the convenience of all parties and witnesses and in the interest of justice according to the relevant statutes
and cases as demonstrated below. *See Securities Investor Protection Corporation v. Vigman*, 764 F. 2d 1309

25    (9th Cir. 1985).

26    _____

27    **Motion To Transfer Venue to the Northern District of Illinois**
**08 CV 00312 (R-FFMx)**

28    4

1    Since none of the parties and witnesses are based in Los Angeles, California but are instead

2    based in Chicago, Illinois, this Court should grant this Motion and transfer the case to the United

3    States District Court of the Northern District of Illinois.

4

5

6                                    **ARGUMENT**

7    28 U.S.C. §1404(a) provides that: "For the convenience of parties and witnesses, in the

8    interest of justice, a district court may transfer any civil action to any other district or division where

9    it might have been brought." The party seeking to transfer venue bears the burden of showing that

10   convenience and justice require transfer. *Zeta-Jones v. Spice House*, 372 F.Supp.2d. 568, 571 (C.D.

11   Cal. 2005) (internal citations omitted).

12   In deciding a motion to transfer, the court must consider the three elements set forth in the

13   statute: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests

14   of justice. *Zeta-Jones v. Spice House*, 372 F.Supp.2d. 568, 571 (C.D. Cal. 2005). The decision to

15   transfer lies within the sound discretion of the trial judge. *Id.,* and these factors are interpreted

16   broadly to allow the court to consider the particular facts of each case. *E. & J. Gallo Winery v. F. &*

17   *P.S.p.A.,* 404 F. Supp.465, 466 (E.D.Cal.1994).

18   In determining if these elements are met, Ninth Circuit courts consider the following factors:

19   "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is

20   most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties'

21   contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen

22   forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

23   compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of

24   access to sources of proof." *Zeta-Jones,* 372 F. Supp. 2d at 575-76, citing *Jones v. GNC*

25

26

27                    **Motion To Transfer Venue to the Northern District of Illinois**
                                        **08 CV 00312 (R-FFMx)**

28                                               5

1  *Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000).  *See, also E&J Gallo Winery, supra*, 404 F. Supp.

2  465.  Additional factors include the presence of a forum selection clause and the relevant public

3  policy of the forum state, if any.  *Id.* at 576.

4  **This Action Could Have Been Brought in the Northern District of Illinois**

5       Under 28 U.S.C. §1391(a), venue is proper in the case of diversity jurisdiction, when the

6  case is brought in either : "(1) a judicial district where any defendant resides, if all defendants reside

7  in the same State,  (2) a judicial district in which a substantial part of the events or omissions giving

8  rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

9  or  (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

10  action is commenced, if there is no district in which the action may otherwise be brought."

11       This case could have been brought in Illinois under either provisions (1) or (2) of 28 U.S.C.

12  §1391(a), as all defendants reside in Illinois, and a substantial part of the events giving rise to United

13  Staffing's claims occurred in Illinois' Northern District.

14  **The Ninth Circuit Factors Weigh Heavily  in Favor of Transfer**

15       The majority of the relevant factors enumerated by the Ninth Circuit in determining whether

16  to  transfer venue militate in favor of transfer here.

17       *First*, the relevant agreements were negotiated and executed in Illinois.  Moreover, the

18  agreements were performed wholly in Illinois, and all employees provided by Plaintiff performed

19  their duties at Mercy's principal place of business in Illinois.  Affidavit of Horowitz, ¶¶ 5, 6.

20       Second, all the relevant conduct occurred in Illinois, and Plaintiff maintains an office in

21  Illinois from which all relevant business was conducted, Horowitz Aff., ¶ 6, and will therefore not

22  be inconvenienced one whit by prosecuting its claims there.

23       *Third,* the witnesses who would be able to testify as to any facts at issue are in Illinois, where

24  all the complained-of conduct occurred. Horowitz Aff., ¶ 7. Further, any records or other documents

25

26

27  **Motion To Transfer Venue to the Northern District of Illinois**
    **08 CV 00312 (R-FFMx)**

28  6

relating to the agreements at issue would be are likely to be found in Illinois, at either Plaintiff or Defendant's offices.[11]

Fourth, Defendants have no contacts with California, but instead all reside in and have extensive contacts with Illinois. Conversely, Plaintiff has significant contacts with Illinois even though it has a place of business in California, which had nothing to do with the matters alleged herein. Horowitz Aff. ¶ 6.

Fifth, there is absolutely no connection between California and Plaintiff's cause of action. Indeed, none of the parties who negotiated, executed or performed the contracts at issue are located in California – instead, all are located in Illinois. Horowitz Aff. ¶ 8.

*Sixth*, it will be much more costly for Horowitz (and all other defendants) to defend an action in California, where none of them resides and where he has no connection whatsoever, than it will be for Plaintiff to prosecute this action in Illinois, where it has an office and, conducts regular business, including the business that is the subject matter of this lawsuit.

The remaining factors are either neutral or do not apply.

Since Illinois common law will govern this dispute, while either Court might equally apply Illinois law here, it would seem appropriate, especially when all the other factors are so heavily weighted in favor of transfer, to transfer and allow an Illinois Court to apply the law of its own state.

In addition, although it would be theoretically possible to obtain nationwide subpoenas to compel the attendance of the third party witnesses, it is more efficient to have this case in an Illinois

---

[11] Even if some of Plaintiff's documents are in their California office, the inconvenience of producing them in Illinois, whether electronically or by other means, would be minimal.

---

**Motion To Transfer Venue to the Northern District of Illinois**
**08 CV 00312 (R-FFMx)**
7

1  Court instead of having to commence a second action in Illinois just to enforce the subpoenas in this

2  case.[12]

3       The overwhelming evidence satisfies the lionshare of the enumerated factors that must exist

4  for this Court to transfer venue. Indeed, the overriding inconvenience to Horowitz, the other

5  defendants and to the relevant witnesses if they had to litigate 2,000 miles away in California, when

6  weighed against the minimal inconvenience on the part of Plaintiff, whose relevant office is in

7  Illinois, to litigate in Illinois, mandates that this action be transferred.

8                                    **CONCLUSION**

9       Applying the factors considered by Ninth Circuit courts, this action should be transferred to

10 the Northern District of Illinois because it would be more convenient for the parties, more convenient

11 for the witnesses, and would serve the interests of justice. All the conduct complained of by Plaintiff

12 occurred in Illinois, all those with knowledge are located in Illinois, and there is little, if any,

13 connection with California compared with the strong connections of this case to Illinois. For these

14 reasons, and the reasons stated above, the motion to transfer should be granted.

15 **Dated: May 27, 2008**                    **SCHLEIMER & FREUNDLICH, LLP**
                                              **KENNETH D. FREUNDLICH**
16

17                                            BY:

18                                            Kenneth D. Freundlich
                                              **Attorneys for Defendant Victor Horowitz**
19

   *Of Counsel:*
20 Kenneth J. Ashman
   ASHMAN LAW OFFICES, LLC
21 55 West Monroe Street, Suite 2650
   Chicago, Illinois 60603
22 (312) 596-1700

23  _____

24      [12] There is no forum selection clause in any of the relevant contracts. Horowitz Aff. ¶ 9. Nor
    is there any overriding public policy that would be served by having the action remain in California.
25

26

27          **Motion To Transfer Venue to the Northern District of Illinois**
                              **08 CV 00312 (R-FFMx)**
28                                       8

**HOROWITZ AFFIDAVIT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STAFFING SOLUTIONS, INC., )
a corporation, )
)
Plaintiffs, )          08 cv. 03312
)
v. )          **AFFIDAVIT OF**
)          **VICTOR HOROWITZ**
VICTOR HOROWITZ, an individual; )
MERCY HEALTHCARE AND )
REHABILITATION CENTERS; and )
DOES 1 through 50, inclusive, )
)
Defendants. )


STATE OF ILLINOIS        )
                         : ss.:
COUNTY OF COOK           )

      **VICTOR HOROWITZ,** being duly sworn and deposed, says under penalty of

perjury:

      1.     I am a defendant in the above-captioned case.

      2.     I am domiciled in Chicago, Illinois, and am a citizen of the State of Illinois.

      3.     Upon information and belief, Mercy Healthcare & Rehabilitation Center, a

named defendant, does not exist as a separate legal entity. Rather, I am a member of Mercy Nursing

& Rehab Center, LLC ("Mercy"), an Illinois limited liability company, the entity to which Plaintiff

likely refers.

      4.     Mercy's principal, and only, place of business is located in Homewood,

Illinois.

      5.     All negotiations and other discussions of any contract between Mercy and

United Staffing Solutions, Inc. ("United"), oral or written, occurred in Illinois between Mercy and

Plaintiff's Oak Lawn, Illinois office. Moreover, the agreements were performed wholly in Illinois,

and all employees provided by Plaintiff performed their duties at Mercy's principal place of business in Illinois.

6.      Plaintiff maintains an office in Illinois from which all relevant business was conducted. Plaintiff has significant contacts with Illinois even though it has a place of business in California, which had nothing to do with the matters alleged herein.

7.      All of the witnesses with knowledge of the negotiation, execution, and/or performance of any contract between Mercy and United were employed in Illinois during the time in question and to the best of Horowitz' knowledge still reside in the Chicago, Illinois area:. They include: Vicki Brucker, a former employee of Mercy who has knowledge of the circumstances surrounding the execution of the contract and its performance; Pat Willis, another former Mercy employee who was responsible for keeping track of contracts and other records for Mercy, including the alleged contract between Mercy, Jane Snyder, a former employee of both Mercy and United Staffing during the time period in question.

8.      Indeed, none of the parties who negotiated, executed or performed the contracts at issue are located in California – instead, all are located in Illinois.

9.      There is no forum selection clause in any contract between the parties.

10.     I certify that the statements set forth in this instrument are true and correct, except as to matters of information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

Dated: May 26, 2008

Victor Horowitz

1

## PROOF OF SERVICE

2  Kenneth D. Freundlich certifies and declares as follows:

3      I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action. My business address is 9100 Wilshire Boulevard, Suite 615
4  East, Beverly Hills, California 90212.

5      On *May 27, 2008* I served the foregoing document described as: **MOTION TO
TRANSFER VENUE** on the interested parties in this action by placing a true copy thereof
6  enclosed in sealed envelopes addressed as follows:

7  **Howard S. Fisher, Esq.**
**8840 Wilshire Blvd. 2nd Floor**
8  **Beverly Hills, CA 90211**

9  **BY MAIL**

10      I deposited the sealed envelopes in the United States mail at Beverly Hills, California,
addressed as stated above. The envelopes were mailed with first class postage thereon fully
11  prepaid.

12      Executed on *May 27, 2008* at Beverly Hills, California.

13      I declare under penalty of perjury under the laws of the United States and California, that
the above is true and correct.
14

15  _Kenneth D Freundlich_                        _[signature]_
16  Type or Print Name                               Signature

17

18

19

20

21

22

23

24

25

26

27  **Motion To Transfer Venue to the Northern District of Illinois**
**08 CV 00312 (R-FFMx)**
28  9