Kenneth D. Freundlich (SBN: 119806)
**SCHLEIMER & FREUNDLICH, LLP**
9100 Wilshire Blvd. Ste. 615 East
Beverly Hills, CA 90212
P: 310.273.9807
F: 310.273.9809
E-Mail: kfreundlich@earthlink.net

Kenneth J. Ashman
**ASHMAN LAW OFFICES, LLC**
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
P: 312.596.1700
F: 312.873.3800
E-Mail: KAshman@AshmanLawOffices.com

*Attorneys for Defendant Victor Horowitz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STAFFING SOLUTIONS, INC., a corporation, | ) ) ) | 08 cv. 03312 R (FFMx) |
| Plaintiffs, | ) ) ) | **DEFENDANT VICTOR HOROWITZ'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b), 12(b)(2), 12(b)(6) and 12(e)** |
| v. | ) ) ) | |
| VICTOR HOROWITZ, an individual; MERCY HEALTHCARE AND REHABILITATION CENTERS; and DOES 1 through 50, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendant Victor Horowitz ("Horowitz"), shall move for

an order dismissing Plaintiff United Staffing Solutions, Inc.'s ("United Staffing") Verified

---

**Motion To Dismiss**
**08 CV 00312**

1    Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6) and 12(e)[1], on

2    August 4, 2008, at 10:00 A.M., in Department 8 of the United States District Court for the Central

3    District of California, located at 312 North Spring Street, Los Angeles, California, or at such time

4    thereafter as the matter may be heard.

5        The motion shall be based on this Notice, the attached Memorandum of Points and

6    Authorities, the Declaration of Victor Horowitz (June 24, 2008) and Kenneth D. Freundlich (July

7    10, 2008) submitted herewith, and on such other and further evidence and argument as may be

8    presented at or before the time of the hearing.

9        As set forth in the Freundlich Declaration, this motion is made following the conference of

10   counsel pursuant to Local Rule 7-3, which took place on June 20, 2008 and June 24, 2008 and a

11   letter from Mr. Freundlich to Plaintiff's counsel dated June 30, 2008.

12   Dated: July 10, 2008                                SCHLEIMER & FREUNDLICH, LLP
                                                         KENNETH D. FREUNDLICH
13
14                                                       BY:
                                                         Kenneth D. Freundlich
15                                                       Attorneys for Defendant Victor Horowitz

16
*Of Counsel*:
17   Kenneth J. Ashman
     ASHMAN LAW OFFICES, LLC
18   55 West Monroe Street, Suite 2650
     Chicago, Illinois  60603
19   (312) 596-1700

20   _____

21       [1] On May 27, 2008, Horowitz filed a Motion to Transfer Venue under 28 USC 1404(a),
     arguing that the case would be better suited to be heard in the Northern District of Illinois. Because
22   the transfer, if granted, would divest this Court of jurisdiction, Horowitz requests that this Court
     adjudicate the transfer motion before ruling on this motion to dismiss. *See Ironworkers Local Union*
23   *No. 68 and Participating Employers Health and Welfare Fund, et al. v. Amgen, Inc.*, 2008 WL
     312319 (C.D. Cal., January 22, 2008) (deeming it prudent to consider a defendant's motion to
24   transfer prior to adjudication of its motion to dismiss).

25

26

27                                       **Motion To Dismiss**
                                         **08 CV 00312**
28

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT OF FACTS .......................................... 1

    The Verified Complaint ..................................................... 2

ARGUMENT .................................................................. 5

    A.    Plaintiff May Not Assert Personal Jurisdiction Over
           Horowitz in California ............................................. 5

          1.    *Plaintiff May Not Assert General Jurisdiction
                 Over Horowitz* ........................................... 6

          2.    *Plaintiff May Not Assert Specific Jurisdiction
                 Over Horowitz* ........................................... 6

    B.    The Verified Complaint Fails to State a Claim
           Against Horowitz ................................................. 10

          1.    *The Breach of Contract Claim Does Not State a
                 Claim Against Horowitz* ................................. 10

          2.    *Plaintiff's "Common Counts" Should Be Dismissed* ............. 11

          3.    *The Fraud Allegations Against Horowitz Are Not
                 Pled Sufficiently* ......................................... 14

          4.    *The Alter-Ego Claim Against Horowitz is
                 Entirely Insufficient* ..................................... 17

CONCLUSION ............................................................... 19

---

**Motion To Dismiss**
**08 CV 00312**

1

# TABLE OF AUTHORITIES

2

*Ackerman v. Northwestern Mutual Life Insurance Co.*,
    172 F. 3d 467, 469 (7th Cir 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*,
    551 F.2d 784, 787 (9th Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4

5

*Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 5, 12

6

*AT & T v. Compagnie Bruxelles Lambert*,
    94 F.3d 586, 588 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7

8

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
    223 F.3d 1082, 1086 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

9

*Bank of Lincolnwood v. Comdisco, Inc.*, 111 Ill.App.3d 822,
    828, 444 N.E.2d 657, 661 (1st Dist. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

10

11

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955. (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 1

12

*Bly-Magee v. California*, 236 F.3d 1014,
    1019 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13

14

*Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575,
    578 (N.D.Cal.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15

*CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226,
    1239 (5th Dist. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16

*Desaigoudar v. Meyercord*, 223 F. 3d 1020 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 14

17

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104,
    1111 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18

19

*Equal Employment Opportunity Commission v. Concentra*
    *Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 1

20

*Famolare, Inc. v. Edison Brothers Stores, Inc.*,
    525 F. Supp. 940, 040 (E.D.Cal. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21

22

*Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445
    (3rd Dist. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23

*Fontana v. TLD Builders, Inc.*, 840 N.E. 2d 767,
    776 (2nd Dist. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

24

25

26

27

28

---

**Motion To Dismiss**
**08 CV 00312**
-i-

*Helicopteros Nacionale de Colombia, SA v. Hall,*
  466 U.S. 408, 416, 108 S.Ct. 1868 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*International Shoe Co. v. Washington,* 326 U.S. 310, 316,
  66 S.Ct. 154, 90 L.Ed. 95 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*McBride v. Boughton,* 123 Cal.App.4th 379,
  394 (1st Dist. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*McGhee v. Arabian American Oil Co.,*
  871 F.2d 1412 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Mitan v. Feeney,* 497 F.Supp.2d 1113, 1124 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Moore v. Brewster,* 96 F.3d 1240 (9th. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531,
  540 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Muldoon v. Tropitone Furniture Co.,* 1 F.3d 964,
  965 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316,
  1320 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932,
  92 L.Ed.2d 209 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797, 802 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Time Savers, Inc. v. LaSalle Bank, N.A.,* 371 Ill.App.3d 759,
  771, 863 N.E.2d 1156, 1167 (2nd Dist. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tricontinental Industries, Ltd. v. Price Waterhouse
  Coopers, LLP,* 475 F.3d 824, 840 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tsemetzin v. Coast Federal Savings and Loan Ass'n.,*
  57 Cal.App.4th 1334, 1343 (2nd Dist. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Unterberger v. Red Bull North America,* Inc.,
  162 Cal.App.4th 414, 423 (2nd Dist. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.,* 99 Cal.App,.4th
  228, 244-245 (4th Dist. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Yield Dynamics, Inc. v. Tea Systems, Corp.,*
   154 Cal.App.4th 547, 575 (6th Dist. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Zirp-Burnham, LLC v. E. Terrell Associates, Inc.,*
   826 N.E.2d 430, 439 (1st Dist. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**PRELIMINARY STATEMENT AND FACTS**

This is a garden-variety breach of contract action against Defendant Mercy Nursing & Rehab Center, LLC ("Mercy"), which Plaintiff has impermissibly and unsuccessfully attempted to transform into a matter of personal liability in a California action against Defendant Victor Horowitz ("Horowitz").[2]

As set forth below, Horowitz does not reside in California, nor does he have the requisite minimum contacts with California for this Court to exercise its jurisdiction over him. Furthermore, this pleading does not withstand the relaxed pleading standards of Fed. Rule Civ. P. 8(a), much less the stricter standard under Fed. Rule Civ. P. 9(b) for United Staffing's fraud claim, and should therefore be dismissed in full pursuant to Fed. Rule Civ. P. 12(b)(6).[3]

---

[2] While United Staffing purports to sue Mercy Healthcare & Rehabilitation Centers, no such entity exists to the best of Horowitz's knowledge. Instead, it is Mercy Nursing & Rehab Center, LLC that contracted with United Staffing and which United Staffing likely intended to name as a defendant. Declaration of Victor Horowitz, ¶ 3.

[3] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)("a plaintiff's obligation to provide the 'ground' for his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[P]leading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *See also Mitan v. Feeney*, 497 F.Supp.2d 1113, 1124 (C.D. Cal. 2007)( "12(b)(6) motion should be granted where the plaintiffs have failed to nudge their claims across the line from conceivable to plausible...; *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(Plaintiff's allegations must plausibly suggest that plaintiff has a right to relief, raising that possibility above a "speculative level")(both citing *Bell Atlantic*, supra)

1   At the very least, the Court should order that the Verified Complaint be amended to make

2   the currently vague and conclusory allegations against Horowitz more definite. Fed. Rule Civ. P.

3   12(e).[4]

4   **The Verified Complaint**

5   United Staffing's Verified Complaint, which stems from an alleged breach of a contract

6   between Plaintiff and Mercy (and not Horowitz), lumps together the entity and individual

7   defendants in an incomprehensible series of allegations which form the predicate for five

8   separate causes of action alleged against all Defendants for "Common Count Open Book

9   Account", "Common Count Services Provided", "Breach of Contract", "Fraud", and "Alter Ego".

10   To begin with, United Staffing's predicate jurisdictional allegation against Horowitz is

11   wrong. As set forth in the accompanying Declaration of Victor Horowitz, dated June 24, 2008

12   ("Horowitz Dec."), Horowitz resides in Chicago, Illinois and has never had a residence in the

13   State of California as Plaintiff wrongly alleges "on information and belief". Verified Complaint

14   ¶4; Horowitz Dec. ¶ 2. Horowitz did not conduct any of the business alleged on behalf of Mercy

15   in California - it was either by e-mail or telephone contact with Plaintiff's people in Illinois![5]

16   Indeed, the Verified Complaint does not even mention that Plaintiff United Staffing has a

17   Chicago office and that all of the business that is the subject matter of the Verified Complaint

18

19

20   _____

21   [4] *See Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 040 (E.D.Cal. 1981);

22   *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D.Cal.1999). When the Complaint
    is so vague and ambiguous that a defendant cannot be reasonably required to frame a responsive

23   pleading, Fed. R. Civ. P. 12 (e) requires that the Plaintiff be ordered to provide a more definite
    statement.

24

25   [5] Horowitz Dec. ¶ 4.

26

27   **Motion To Dismiss**

28   **08 CV 00312**
    **-2-**

1  was negotiated for and conducted in Illinois through United Staffing's Illinois office.[6] There is

2  simply no basis for this Court to assume jurisdiction over Horowitz in this matter.[7]

3      United Staffing's only substantive predicate allegations against Horowitz are that he

4  entered into the written contract at issue "on behalf of [Mercy]"[8], and that Horowitz , "on behalf

5  of [Mercy], made certain oral requests and agreements on behalf of Mercy.[9]

6      Then, even though Horowitz is not alleged to have had any personal obligations to United

7  Staffing, United Staffing concludes that "Mercy **and Horowitz** ceased making timely payments

8  at the end of 2005."[10]

9      United Staffing continues to blur the distinction between the obligor on the contract

10 (Mercy) and  Horowitz in its subsequent paragraph by alleging that the issue of [Mercy] making

11 payments on Plaintiff's outstanding invoices (which were alleged to have been billed to Mercy

12 and *not* to Horowitz - Verified Complaint, ¶11,12), was discussed by Plaintiff and Horowitz and

13 that Horowitz agreed that he would promptly make payment of the outstanding invoices.[11] These

14 inconsistent and vague allegations are insufficient to withstand this motion to dismiss.

15

16

17    [6] Horowitz Dec. ¶ 5.

18    [7] *See also* Horowitz's Motion to Transfer Venue and supporting Affidavit at ¶ 5.

19    [8] Verified Complaint, ¶10.

20    [9] Verified Complaint, ¶11. This paragraph is vague in that it starts by saying Horowitz made an

21 agreement on behalf of Mercy, but then concludes, without predicate, that Horowitz agreed to make certain payments, even though it appears this really means Mercy. Plaintiff should at the very least be made to clarify

22 this obvious inconsistent and misleading pleading under Fed. R. Civ. P. 12(e).

23    [10] Verified Complaint, ¶13 (emphasis supplied). Again, the pleading fails to lay the predicate for how Horowitz personally has any responsibility for the debts of Mercy except through these conclusory

24 allegations. This is another ground for this Court to grant this motion under 12(b)(6) or 12(e).

25    [11] Verified Complaint, ¶14.

26

27                **Motion To Dismiss**
                 **08 CV 00312**
28                    -3-

1    To further buttress its specious attempt to lay personal liability on Horowitz, United

2  Staffing employs allegations - - "on information and belief" - - as follows: i) "that monies were

3  routinely directed from Client to the other defendants, so as to leave [Mercy] insufficient funds to

4  make payment of its expenses to its creditors, including Plaintiff" (Verified Complaint, ¶ 17); ii)

5  "that Horowitz have (sic) used [Mercy] as an incorporated wallet, paying personal expenses, and

6  concealing the true nature of such expenditures" (Verified Complaint, ¶ 18); iii) "that Horowitz

7  and [Mercy], in 2005 and 2006 requested services from Plaintiff on behalf of [Mercy] and did not

8  intend to pay for same" (Verified Complaint, ¶ 19); and iv) "that Horowitz and [Mercy] have

9  knowingly and intentionally undertaken certain actions with the intent of defrauding Plaintiff, or

10  otherwise mismanaging or diverting the assets of Client, in such a manner as to reduce the

11  possibility of receiving payment for the amounts owed to Plaintiff." (Verified Complaint, ¶ 20).

12  Finally, United Staffing alleges in conclusory fashion that Horowitz and Mercy "intentionally

13  acted to with the intent of defrauding [Mercy's] creditors, including Plaintiff." Verified

14  Complaint, ¶21.  In the so-called fraud count, Plaintiff has no specifics whatsoever, not the

15  required "who, what and where" allegations of a properly pled fraud cause of action.

16    Based on these vague and conclusory allegations of personal liability against Horowitz,

17  which are insufficient to allege a cause of action against him individually on any basis, United

18  Staffing seeks to include Horowitz as a party defendant instead of restricting this action to the

19  correct party Defendant, Mercy.  These bald allegations with nothing more do not satisfy the

20  Federal pleading standards for any of these alleged causes of action (especially the fraud case of

21  action which must be pled with even more particularity) against Horowitz and accordingly, this

22  action as against Horowitz must be dismissed without leave to amend.[12]

---

[12] In the alternative, this Court should grant this motion under Fed. R. Civ. P. 12(e) and require
Plaintiff to submit a more definite pleading.

---

**Motion To Dismiss**
**08 CV 00312**
-4-

1

**ARGUMENT**

2      Each of the Verified Complaint's five counts fails under the standards numerated above.[13]

3    A.    Plaintiff May Not Assert Personal Jurisdiction Over Horowitz in California

4      In *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004), the

5    Ninth Circuit Court of Appeals articulates the standard for personal jurisdiction:

6
> Where a defendant moves to dismiss a complaint for lack of personal jurisdiction,
> the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.
7
> *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). . . . Although the plaintiff
> cannot "simply rest on the bare allegations of its complaint," *Amba Marketing*
8
> *Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir.1977),
> uncontroverted allegations in the complaint must be taken as true. *AT & T v.*
9
> *Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996). Conflicts
> between parties over statements contained in affidavits must be resolved in the
10
> plaintiff's favor.

11
> Where, as here, there is no applicable federal statute governing personal
> jurisdiction, the district court applies the law of the state in which the district court
12
> sits. *See*Fed.R.Civ.P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d
> 1316, 1320 (9th Cir.1998). Because California's long-arm jurisdictional statute is
13
> coextensive with federal due process requirements, the jurisdictional analyses
> under state law and federal due process are the same. *See Panavision,* 141 F.3d at
14
> 1320 (citing Cal.Civ.Proc.Code § 410.10). For a court to exercise personal
> jurisdiction over a nonresident defendant, that defendant must have at least
15
> "minimum contacts" with the relevant forum such that the exercise of jurisdiction
> "does not offend traditional notions of fair play and substantial justice."
16
> *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.
17
> 95 (1945) (internal quotation marks and citation omitted).

18

19

20
_____

21      [13] Because this case was filed here and concerns itself with resident and facts occurring in Illinois,
the Court must first make a choice-of-law determination based on the rules of the forum state. *Arno v. Club*
22    *Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965 (9th Cir.
1993). California employs a three-part government interest test. *Arno v. Club Med, Inc.*, *supra* at 1467.
23    Under the test, this Court must first consider whether the two state laws actually differ. *Id.* If so, the Court
must then examine each state's interest in applying its laws to determine if there is a true conflict. *Id.*
24    Finally, if each state has a legitimate interest, the Court must compare the impairment to each jurisdiction
under the other's rule of law. *Id.* Because each cause of action alleged by United Staffing involves a different
25    area of substantive state law, each claim will be subject to its own choice-of-law analysis.

26

27

28

### 1.    *Plaintiff May Not Assert General Jurisdiction Over Horowitz*

For general jurisdiction to exist over a non-resident defendant, the defendant must engage in "continuous and systematic general business contacts." *Helicopteros Nacionale de Colombia, SA v. Hall*, 466 U.S. 408, 416, 108 S.Ct. 1868 (1984). These contacts must "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). When determining whether sufficient contacts exist to confer general jurisdiction, factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Id.*

Here, the allegations are insufficient to convey jurisdiction over Horowitz. First, contrary to Plaintiff's allegations, Horowitz is not a California resident, but instead resides in Chicago, Illinois.[14] Second, Horowitz makes no sales in California, does not solicit or engage in business in the state, does not serve California's market, nor has he designated an agent for service of process in California or hold any license in the state.[15] Finally, there are no allegations in the Verified Complaint that even hint that Horowitz conducts sufficient business in California to be subject to its general jurisdiction.

This Court cannot assert general jurisdiction over Horowitz.

### 2.    *Plaintiff May Not Assert Specific Jurisdiction Over Horowitz*

In order to assert specific jurisdiction over Horowitz, his actions must comply with a three-part test:

---

[14] Horowitz Dec., ¶ 2.

[15] Horowitz Dec., ¶

---

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, *supra* at 802.  Generally, part one of the three-prong test is satisfied by purposeful availment when the claims involve breach of contract, and direction of activities when the claims alleged sound in tort. *Id.*  Here, some of Plaintiff's claims are contract claims (Counts I, II, and III), while Plaintiff's fraud claim (Count IV) is one sounding in tort.[16] Plaintiff's Verified Complaint fails all three tests.

A showing that a defendant "purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.*  Here, while Plaintiff alleges that Horowitz entered into a contract, on behalf of Mercy, at Plaintiff's principal place of business (Verified Complaint, ¶ 10), Horowitz has never set foot in Plaintiff's principal place of business, and has never conducted any business with Plaintiff in California.[17] Indeed, any business conducted by Horowitz, on behalf of Mercy, with Plaintiff, has been with Plaintiff's Illinois offices.  Because Horowitz has performed no activities purposefully availing himself of the privilege of doing business in California, United Staffing fails to satisfy the first prong of the specific jurisdiction test with respect to its contract claims.

---

[16]  Plaintiff's Count V, for Alter-Ego liability, is of questionable provenance.  The exact nature of the claim is unimportant, however, as none of the acts alleged by Plaintiff in support of Count V, or any other Count, pass part one of the test under either a personal availment or direction of activities theory.

[17]  Horowitz Dec., ¶ 7

**Motion To Dismiss**
**08 CV 00312**
-7-

1    Nor has Horowitz directed any activities at California, so as to implicate specific

2 jurisdiction with respect to United Staffing's fraud claim. Specific jurisdiction for intentional

3 torts such as fraud is governed by the "effects" test, which considers whether the defendant has

4 allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

5 harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v.*

6 *Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

7    United Staffing has plainly alleged that Horowitz acted intentionally (by promising to pay

8 for services rendered, with intent not to honor that promise), so we will begin our analysis with

9 the second prong of the test - conduct expressly aimed at the forum state. A defendant is said to

10 have expressly aimed his conduct at the forum state when he is alleged to have engaged in

11 wrongful conduct targeting a party the defendant knows to be a resident of the forum state.

12 *Bancroft & Masters*, 223 F.3d 1082, 1087. Here, Horowitz had no knowledge of United

13 Staffing's California residence at the time of the events alleged in the Verified Complaint –

14 because he dealt only with the United Staffing's Illinois office, his conduct was aimed at Illinois

15 (if it can fairly be said to be aimed anywhere).[18]  Similarly, Horowitz could not have known that

16 any harm suffered by United Staffing would have been felt in California, for all his dealings with

17 United Staffing occurred in Illinois. For these reasons, specific jurisdiction is improper over

18 Horowitz with respect to both United Staffing's contract and tort claims.

19    Horowitz's activities also fail to satisfy the second prong of the test for specific

20 jurisdiction, as United Staffing's claim does not in any way arise out of or relate to activity in

21 California, for the simple reason that Horowitz's activities occurred in Illinois, not in California

22 despite the falsehoods alleged in the Verified Complaint. There is simply no connection between

23

24    —————————

25    [18] *See* Horowitz Dec., ¶ 4, 5.

26

27                    **Motion To Dismiss**
                     **08 CV 00312**
28                          -8-

1  any of Horowitz's activities and the state of California, making personal jurisdiction over him

2  plainly improper.

3       Finally, the third prong of the test for specific jurisdiction is not satisfied, i.e., exercise of

4  specific jurisdiction over Horowitz does not comport with fair play and substantial justice, and is

5  not reasonable.  In considering the reasonableness of exercising specific jurisdiction over a

6  defendant, courts consider the following factors:  (1) the extent of the defendant's purposeful

7  interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3)

8  the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's

9  interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy,

10  (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and

11  (7) the existence of an alternative forum. *Bancroft & Masters*, 223 F.3d 1082, 1088.

12       Horowitz has not interjected himself into the affairs of California at all, much less to a

13  sufficient extent to justify personal jurisdiction there.  The burden on Horowitz in defending

14  against an action in California is great, as he has no connection whatsoever with the state (in

15  marked contrast with United Staffing's extensive connections to Illinois).  Further, Illinois has a

16  far greater interest in regulating allegedly fraudulent conduct that occurs within its borders than

17  does California, weighting any conflict between the states in Illinois' favor.

18

19       Because all the factors heavily favor Horowitz's position that specific jurisdiction is not

20  proper, this Court should dismiss all claims against Horowitz on the basis of lack of personal

21  jurisdiction.

22

23

24

25

26

27  **Motion To Dismiss**
**08 CV 00312**

28  -9-

**B.    The Verified Complaint Fails to State a Claim Against Horowitz**

     *1.    The Breach of Contract Claim Does Not State a Claim Against Horowitz*

Count III of United Staffing's Verified Complaint alleges breach of contract against both Mercy and Horowitz.[19]  Because the elements for breach of contract are the same under both Illinois and California law – (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff – choice-of-law analysis does not apply.  *Zirp-Burnham, LLC v. E. Terrell Associates, Inc.*, 826 N.E.2d 430, 439 (1st Dist. 2005) (citations omitted); *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (5th Dist. 2008).

United Staffing's breach of contract claim, however, fails completely to satisfy these elements with respect to Horowitz.  The fundamental, and unquestionably fatal, flaw of United Staffing's Verified Complaint is its failure to allege the existence of a contract between it and Horowitz.  Instead, United Staffing repeatedly and consistently pleads that its contract is solely with Mercy, making the following statements throughout:

- "Plaintiff is informed and believes and thereon alleges that [Mercy] is a business entity, of unknown types . . . that contracted to do business with Plaintiff . . . to provide nursing services and staff in Illinois." Verified Complaint ¶ 3.

- "In the fall of 2005 Plaintiff and [Mercy] and Horowitz, *acting on behalf of [Mercy]* entered into a written contract . . . .;" *Id.* at ¶ 10 (emphasis added).

- "Plaintiff agreed to provide such personnel to [Mercy] as [Mercy] requested from time-to-time;" *Id.*

- "Plaintiff agreed to charge [Mercy] fees in accordance with Plaintiff's fee schedule . . . .;" *Id.*

---

[19] Because the breach of contract action is the underpinning for this entire complaint, while United Staffing's first two counts are for "Common Count Open Book Account" and "Common Count Services Performed," these two counts will be analyzed in the section following the breach of contract analysis.

---

• "Approximately on a weekly basis Plaintiff, based upon its book account for [Mercy], Plaintiff (sic) didn't bill [Mercy] for the services of the personnel that Plaintiff had provided to Defendant." *Id.* at ¶ 12.

• "Plaintiff and [Mercy] entered into an oral contract based upon the such terms and conditions as set forth above." *Id.* at ¶ 30.

Indeed, Plaintiff does not attach the very written contract to which these allegations are addressed which would make plain that it is Mercy who is the contracting party and not Horowitz.

Plainly, as evidenced by the allegations of its own Verified Complaint, United Staffing contracted only with Mercy, not with Horowitz, for the provision of temporary employees and personnel to Mercy. Even if United Staffing did not unequivocally state that its contract was with Mercy, none of the other facts it pleads would remotely give rise to a plausible claim that a contract existed between United Staffing and Horowitz personally. Indeed, the idea that Horowitz personally contracted for the services of temporary nursing personnel is inconceivable and implausible. For these reasons, Count III of United Staffing's breach of contract claim should be dismissed.

### 2.    *Plaintiff's "Common Counts" Should Be Dismissed*

Count I and II of United Staffing's Verified Complaint are for "Common Count Open Book Account" and "Common Count Services Performed," respectively (though the allegations of each of the two counts are, word for word, identical). Under California law, a "common count" is *not* a specific cause of action. *McBride v. Boughton*, 123 Cal.App.4th 379, 394 (1st Dist. 2004) (internal citations omitted). Rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory. *Id.*

Because Illinois does not have "common count" pleading, there is a true conflict between the laws of Illinois and California with respect to these counts, triggering the governmental interest test.  As such, the Court must determine if either Illinois or California has an interest in applying its law, and if so, which interest would be more impaired by the application of the other's law.  *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994).

Illinois plainly has an interest in regulating the conduct of business by, and the scope of liability of, parties doing business within Illinois.  *See Id.* (finding French law applied to allegedly tortious conduct by French employer where conduct occurred in France).  While California may have some conceivable interest in making sure parties who reside there be paid for services rendered, this interest is lessened by the fact that a simple breach of contract is available under the same facts.  As such, Illinois' interest would be impaired by the application of California law far more than California would be impaired by the application of the laws of Illinois.

Under Illinois law, Counts I and II should be dismissed for failure to state a cognizable claim.

Even if this Court were to find that California law applies, Counts I and II should still be dismissed.  As stated in *McBride v. Boughton*, "[w]hen a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable."  123 Cal.App.4th 379, 394 (1st Dist. 2004).[20]  Here, United Staffing's "common counts" each specifically incorporate all of the facts upon which its breach of contract claim is based, including the plain allegation that the contract in question is between United Staffing and Mercy, *not Horowitz*.  Given that the breach of contract count against Horowitz must be dismissed, this

---

[20] Demurrer is the California equivalent of dismissal for failure to state a claim under Rule 12(b)(6).

**Motion To Dismiss**
**08 CV 00312**
-12-

1  Court should similarly dismiss these common counts to the extent they are even permissible

2  claims. *See Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445 (3rd Dist. 1997)(plaintiff's

3  common counts were dismissed because they specifically incorporated allegations that an

4  equitable lien between the parties, and the court had ruled that no such equitable lien exists.)

5    Here, United Staffing similarly re-alleges the same facts upon which its breach of

6  contract claim is based in its common counts claims, making these claims as ripe for dismissal

7  pursuant to Rule 12(b)(6). In short, there is no contract alleged between Horowitz and United

8  Staffing, thus there is no basis for the common count claims, which incorporate the same

9  allegations.

10    Even if the common counts were not duplicative of the breach of contract count, and thus

11  subject to dismissal, they would still be subject to dismissal because they do not even adequately

12  allege an "open book account" under California law. According to *Tsemetzin v. Coast Federal*

13  *Savings and Loan Ass'n.*, 57 Cal.App.4th 1334, 1343 (2nd Dist. 1997):

14    "a book account is defined in Code of Civil Procedure section 337a, as follows: 'The
15    term 'book account' means a detailed statement *which constitutes the principal record of
     one or more transactions between a debtor and a creditor* arising out of a contract or
16    some fiduciary relation, and shows the debits and credit in connection therewith, and
     against whom and in favor of whom entries are made, *is entered in the regular course of
17    business as conducted by such creditor or fiduciary, and is kept in a reasonably
     permanent form and manner* and is (1) in a bound book, or (2) on a sheet or sheets
18    fastened in a book or to backing but detachable therefrom, or (3) on a card or cards of a
     permanent character, *or is kept in any other reasonably permanent form and manner.*"
19    (Emphasis in original).

20    Here, United Staffing fails, in both common counts, to allege that the book of records

21  upon which it relies are the principal record of any transactions between it and Horowitz (or even

22  the principal record of any transaction between United Staffing and Mercy, for that matter).

23  Indeed, the allegations show that the books and records in question do not form *any* record of a

24  transaction between United Staffing and Horowitz, as the transactions they purport to reflect are

25  between United Staffing and Mercy, not Horowitz. For these reasons, as well as those stated

26

27                                    **Motion To Dismiss**
                                       **08 CV 00312**
28                                          -13-

1    above, the allegations found in Counts I and II of the Verified Complaint fail to raise even a

2    speculative cause of action against Horowitz, and should be dismissed pursuant to Rule 12(b)(6).

3

4

5        **3.    *The Fraud Allegations Against Horowitz Are Not Pled Sufficiently***

6        It is axiomatic that fraud must be pled with particularity. Fed. R. Civ. P. 9(b);

7    *Desaigoudar v. Meyercord*, 223 F. 3d 1020 (9th Cir. 2000). Even in a diversity case such as this

8    one[21], where substantive elements of fraud will be determined by state law, those elements must

9    be pleaded with particularity to withstand a motion to dismiss. *Moore v. Brewster*, 96 F.3d 1240

10   (9th. Cir. 1996); *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F. 3d 467, 469 (7th

11   Cir 1999)(by requiring the plaintiff to allege the who, what, where and when of the alleged fraud,

12   the rule requires the plaintiff to conduct a pre complaint investigation in sufficient depth to

13   assure that the charge of fraud is responsible and supported, rather than defamatory and

14   extortionate). Allegations that are vague and conclusory are insufficient to satisfy the

15   "particularity" required by Fed. R. Civ. P. 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.

16   2d 531, 540 (9th Cir. 1989).

17       Count IV of United Staffing's Verified Complaint alleges fraud against Horowitz and

18   Mercy.  Under Illinois law, in order to state a claim for common law fraud, a plaintiff must plead

19   the following elements: (1) a false statement of material fact; (2) the defendant knew the

20   statement was false; (3) the defendant intended the statement to induce the plaintiff to act;  (4)

21   the plaintiff relied upon the truth of the statement; and  (5) plaintiff suffered damage as a result of

22   his reliance on the statement. *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill.App.3d 759, 771,

23

24   ────────────────

25       [21] On May 19, 2008, Horowitz removed this case to this Federal Court on the grounds of diversity
     jurisdiction.

26

27                              **Motion To Dismiss**
                                **08 CV 00312**
28                                    -14-

1  863 N.E.2d 1156, 1167 (2nd Dist. 2007).  Under California law, to state a fraud claim a plaintiff

2  must plead: (1) a misrepresentation, (2) knowledge of falsity (or "scienter"), (3) intent to defraud,

3  i.e., to induce reliance; (4) justifiable reliance, and (5) resulting damage.  *Unterberger v. Red Bull*

4  *North America*, Inc., 162 Cal.App.4th 414, 423 (2nd Dist. 2008).

5      At first glance it seems that the elements of fraud are similar enough under each

6  jurisdiction to avoid a true conflict of law.  However, given the nature of United Staffing's

7  allegation, there is indeed a conflict.  United Staffing alleges (though in the barest of terms) that

8  Horowitz made a promise to pay without the intent to do so.  Verified Complaint ¶¶ 14, 19.

9  Under Illinois law, such a promise is not actionable, as a promise to perform an act, even if made

10  with the intention not to perform, is not a false representation that may constitute a fraud.  *Bank*

11  *of Lincolnwood v. Comdisco, Inc.*, 111 Ill.App.3d 822, 828, 444 N.E.2d 657, 661 (1st Dist. 1982).

12  However, under California law, promissory fraud may be pled, which "consists of making a

13  promise without the present intention to perform it, i.e., misrepresenting the speaker's

14  then-present intentions." *Yield Dynamics, Inc. v. Tea Systems, Corp.*, 154 Cal.App.4th 547, 575

15  (6th Dist. 2007).

16      Once again, however, the governmental interests of Illinois outweigh those of California

17  such that Illinois law should apply.  In making this determination, the case of *McGhee v. Arabian*

18  *American Oil Co.*, 871 F.2d 1412 (9th Cir. 1989), is instructive.  In *McGhee*, a California resident

19  who executed an employment contract in Texas to work in Saudi Arabia sued his employer for,

20  among other things, fraud.  *Id.*  In determining that the law of Saudi Arabia applied, the Court

21  pointed out that Saudi Arabia had a strong interest in regulating conduct and determining

22  standards of liability for tortfeasors within its borders.  *Id.* at 1425-1426.  Further, the Court

23  pointed out that the allegedly fraudulent conduct had all occurred in Saudi Arabia, and had only a

24  tenuous connection to California.  *Id.*  The same holds true here – all the alleged

25

26

27

28

**Motion To Dismiss**
**08 CV 00312**
-15-

misrepresentations were made by Horowitz in Illinois and involved the provision of services, and the payment therefor, in Illinois. Illinois plainly has the greater governmental interest, and its law should apply. As stated above, the only allegations of any misrepresentations made by Horowitz relate to a promise to make payment in the future, and as such are not actionable under Illinois law. As such, Count IV should be immediately dismissed.

Even if this Court were to hold California law applicable, Count IV of the Verified Complaint does not meet the heightened pleading standards for fraud actions set out by Fed. Rule Civ. P. 9(b).

Count IV of the Verified Complaint fails completely to meet these strictures. It alleges that Horowitz made a representation to Plaintiff, "within the last two years past," that he would pay outstanding invoices and timely pay future invoices, and that Horowitz had no intent to pay the invoices. Verified Complaint, ¶ 14, 19. This claim fails to establish who the alleged misrepresentation was made to (no individual is named, it is alleged to have been made only to "Plaintiff"), the exact time the representation was made, the exact nature of the representation (what invoices did Plaintiff promise to pay?), and any other salient facts about the supposed representations. The other allegations made in Count IV are pled with even less specificity – the statement that "Defendants were taking action to conceal their assets, and that Defendants were specifically mismanaging their business," could scarcely be more conclusory or less specific. Verified Complaint, ¶ 35. Rather than giving Horowitz the opportunity to defend against a specific charge, the Verified Complaint makes general and conclusory allegations, and should be dismissed pursuant to Rule 9(b).

---

**Motion To Dismiss**
**08 CV 00312**
-16-

### 4.    *The Alter-Ego Claim Against Horowitz is Entirely Insufficient*

United Staffing's threadbare allegations relating to alter-ego make any claim against Horowitz on that basis so completely speculative that it must be dismissed outright.  As an initial matter, there is little difference of consequence between the treatment of alter-ego claims under Illinois and California law.  Courts in both states employ a two-pronged test in deciding whether to pierce the corporate veil: 1) is there such unity of interest between the corporation and the other entity that their separate personalities no longer exist; and 2) would adherence to the fiction of a separate corporate existence sanction a fraud, promote injustice, or promote inequitable consequences.  *Fontana v. TLD Builders, Inc.*, 840 N.E. 2d 767, 776 (2nd Dist. 2005); *Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal.App,.4th 228, 244-245 (4th Dist. 2002).  In determining whether there is a unity of interest and ownership, courts examine a number of factors, including:

 (1) Inadequate capitalization;

(2) Failure to issue stock;

(3) Failure to observe corporate formalities;

(4) Nonpayment of dividends;

(5) Insolvency of the debtor corporation;

(6) Non-functioning of the other officers or directors;

(7)  Absence of corporate records;

(8) Commingling of funds;

(9)Diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors;

(10)Failure to maintain arm's-length relationship among related entities; and

1  (11) Whether the corporation is a mere facade for the operation of the dominant stockholders.

2  *Fontana* at 776; *Virtualmagic* at 245.  It is important to also note that in determining whether

3  recognizing a separate corporate entity would promote injustice, difficulty of collecting a

4  judgment or enforcing a debt is not sufficient.  *Id.*

5      Since there is no conflict, we can now turn to the facts alleged by United Staffing to see if

6  they meet the standards of Fed. Rule Civ. P. 8(a)(2).  United Staffing alleges the following:

7  •   On information and belief, that "monies were routinely
8      directed from [Mercy] to other defendants, so as to leave
       Defendant [Mercy] insufficient funds to make payment of
9      its expenses to its creditors, including Plaintiff."  Verified
       Complaint, ¶ 17.

10 •   That, on information and belief, "Horowitz have (sic) used
11     [Mercy] as an incorporated wallet, paying personal
       expenses, and concealing the true nature of such
12     expenditures."  *Id.* at ¶ 18.

13 •   That "Horowitz have (sic) acted with total disregard to the
       corporate identity of [Mercy] by systematically using the
14     assets of said corporations as their own, as provided for
       above."  *Id.* at ¶ 42.

15

16     These are the only allegations upon which United Staffing bases its alter-ego

17 claim.  United Staffing does not allege that there is a unity of interest between Horowitz and

18 Mercy such that Mercy no longer exists, and certainly does not in any way, shape, or form allege

19 that any injustice will result by continuing to treat Mercy as a separate legal entity.  Further, even

20 by the most charitable of analyses, United Staffing has only alleged facts supporting a handful of

21 the numerous factors considered by courts in making an alter-ego determination: inadequate

22 capitalization, commingling of funds, and whether the corporation is a facade for the operations

23 of the dominant shareholders.  And frankly, giving United Staffing credit for these elements is

24 quite a stretch – its allegations are so conclusory (the Horowitz "used Mercy as an incorporated

25 wallet," for example), that they cannot be said to be anything but speculative.  Because United

26

27                             **Motion To Dismiss**
                                  **08 CV 00312**
28                                     -18-

Staffing fails to plead all the elements of alter-ego under Illinois and California law, and because the elements it does attempt to plead are so bare and conclusory as to be completely speculative, Count V of its Verified Complaint should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

In every count, in every way, whether under California or Illinois law, United Staffing's entire Verified Complaint, as alleged against Horowitz, fails entirely to meet the minimal pleading requirements required by the Federal Rules of Civil Procedure. This is not surprising, as the entire Verified Complaint, as it relates to Horowitz, is nothing more than a desperate attempt to pin personal liability on an individual for the breach of a contract between the Plaintiff and Mercy. In other words, Horowitz has no business whatsoever in this case, as evidenced by United Staffing's complete inability to adequately plead any cause of action against him. Each of the claims against Horowitz should be summarily dismissed.

Dated: July 10, 2008

SCHLEIMER & FREUNDLICH, LLP
KENNETH D. FREUNDLICH

BY: _____
Kenneth D. Freundlich
Attorneys for Defendant Victor Horowitz

*Of Counsel*:
Kenneth J. Ashman
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
(312) 596-1700

**Motion To Dismiss**
**08 CV 00312**
-19-

1

## PROOF OF SERVICE
## BY MAIL

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9100 Wilshire Boulevard, Suite 615 East, Beverly Hills, California 90212.

4

5    On *July 10, 2008* I served the foregoing document described as: **MOTION TO DISMISS*** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

6

7    **Howard S. Fisher, Esq.**
**8840 Wilshire Blvd. 2nd Floor**
**Beverly Hills, CA 90211**

8

9    **BY MAIL**

10    I deposited the sealed envelopes in the United States mail at Beverly Hills, California, addressed as stated above. The envelopes were mailed with first class postage thereon fully prepaid.

11

12    Executed on *July 10, 2008* at Beverly Hills, California.

13    I declare under penalty of perjury under the laws of the United States and California, that the above is true and correct.

14

15    M.E. Armstrong _____          MCNaly _____
Type or Print Name                          Signature

16

17

18

19

20

21

22

23

24

25

26

---

27

**Motion To Dismiss**
**08 CV 00312**
-20-

28

Kenneth D. Freundlich (SBN: 119806)
**SCHLEIMER & FREUNDLICH, LLP**
**9100 Wilshire Blvd. Ste. 615 East**
**Beverly Hills, CA 90212**
**P: 310.273.9807**
**F: 310.273.9809**
E-Mail: kfreundlich@earthlink.net

Kenneth J. Ashman
**ASHMAN LAW OFFICES, LLC**
**55 West Monroe Street, Suite 2650**
**Chicago, Illinois 60603**
**P: 312.596.1700**
**F: 312.873.3800**
E-Mail: KAshman@AshmanLawOffices.com

*Attorneys for Defendant Victor Horowitz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STAFFING SOLUTIONS, INC., a corporation, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| VICTOR HOROWITZ, an individual; MERCY HEALTHCARE AND REHABILITATION CENTERS; and DOES 1 through 50, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) |

08 cv. 03312 **R (FFMx)**

**DECLARATION OF
VICTOR HOROWITZ**

STATE OF ILLINOIS          )
                                         : ss.:
COUNTY OF COOK        )

      **VICTOR HOROWITZ,** being duly sworn and deposed, says under penalty of perjury:

      1.     I am a defendant in the above-captioned case.

      2.     I am domiciled in Chicago, Illinois, and am a citizen of the State of Illinois. I have never maintained residence in the State of California.

3.     Upon information and belief, Mercy Healthcare & Rehabilitation Center, a named defendant, does not exist as a separate legal entity.  Rather, I am a member of Mercy Nursing & Rehab Center, LLC ("Mercy"), an Illinois limited liability company, the entity with which Plaintiff contracted and likely intended to name as a defendant.

4.     I conducted no business on behalf of Mercy with Plaintiff's representatives in California - instead, any business conducted on behalf of Mercy with Plaintiff occurred through e-mail or telephone communications with Plaintiff's representatives in Illinois.

5.     Plaintiff United Staffing has a Chicago office and that all of the business that is the subject matter of the it's Verified Complaint was negotiated for and conducted in Illinois through United Staffing's Illinois office.

6.     I make no sales in California, do not solicit or engage in business in the state, do not serve California's market, nor have I designated an agent for service of process in California or hold any license in the state.

7.     I have never set foot in Plaintiff's principal place of business, and have never conducted any business with Plaintiff in California.

AFFIANT FURTHER SAYETH NOT.

Dated: June 24, 2008

Victor Horowitz

Subscribed and sworn to before me
this 24 day of JUNE , 2008

Notary

"OFFICIAL SEAL"
SHELDON H. STEIN
Notary Public, State of Illinois
My Commission Expires June 8, 2009

1     Kenneth D. Freundlich (SBN: 119806)
     **SCHLEIMER & FREUNDLICH, LLP**
2     9100 Wilshire Blvd. Ste. 615 East
     Beverly Hills, CA 90212
3     P: 310.273.9807
     F: 310.273.9809
4     E-Mail: kfreundlich@earthlink.net

5     Kenneth J. Ashman
     **ASHMAN LAW OFFICES, LLC**
6     55 West Monroe Street, Suite 2650
     Chicago, Illinois 60603
7     P: 312.596.1700
     F: 312.873.3800
8     E-Mail: KAshman@AshmanLawOffices.com

9     *Attorneys for Defendant Victor Horowitz*

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12    UNITED STAFFING SOLUTIONS, INC., )      08 cv. 03312 R (FFMx)
     a corporation,                      )
13                             )
             Plaintiffs,       )
14                             )
15        v.                    )
                            )
16    VICTOR HOROWITZ, an individual; )
     MERCY HEALTHCARE AND        )
17    REHABILITATION CENTERS; and )
     DOES 1 through 50, inclusive,     )
18                             )
             Defendants.     )
19   ———————————————————— )

20

    **DECLARATION OF KENNETH D. FREUNDLICH IN SUPPORT OF MOTION TO**
21                                 **DISMISS**

22

23

24

25

26

27                          **Motion To Dismiss**
                            **08 CV 00312**
28

## DECLARATION OF KENNETH D. FREUNDLICH

I, Kenneth D. Freundlich hereby declare and say as follows:

1.    I am a member in good standing of the California State Bar and my firm, Schleimer & Freundlich, LLC, is co-counsel in this case for Defendant Victor Horowitz. I submit the foregoing in support of Horowitz' motion to dismiss.

2.    It has been our contention from the beginning that this case was improperly filed against Mr. Horowitz both jurisdictionally (he does not live here nor did he do business here to subject himself to this Court's jurisdiction), and substantively (he is not personally liable fo h acts alleged against the entity Defendant).

3.    First, we filed a Motion to Transfer Venue of this action from this Court to Chicago, Illinois which is now set for hearing on August 4, 2008 at 10:00 a.m. Although opposition papers were due two days ago, Plaintiff has not opposed the Motion to Transfer and has not contacted the undersigned to give a reason why.

4.    On June 30, 2008, after a preliminary phone call in which the venue problem and the proposed motion to dismiss were discussed, I wrote a letter to Plaintiff's counsel Howard S. Fisher pointing out the defects in his case and asking him to withdraw the case. I set forth in some detail the grounds for the motion to dismiss which we were going to file. A copy of my letter to Mr.

1

Fisher is attached hereto as Exhibit A.

5. I have received no reply.

6. Given that my client has had to bring two separate motions with respect to venue, jurisdiction and the substantive case, and that Plaintiff has not responded to the Motion to Transfer or to my meet and confer letter in this regard, I suspect that his client has no defense to these motions. Regardless, my client should not have been sued here and should not have had to retain counsel to bring these motions to protect his rights and obtain a dismissal or transfer of this case.

7. Accordingly, upon resolution of these motions, my client reserves the right to bring a motion under Rule 11 (after waiting the safe-harbor time period), to recover the substantial fees and costs spent in this unnecessary motion practice.

I affirm under penalty of perjury under the laws of the State of California and the United States, that the foregoing is true and correct.

Dated: July 10, 2008

Kenneth D. Freundlich

2

# SCHLEIMER & FREUNDLICH, LLP
## ATTORNEYS AND COUNSELORS AT LAW

9100 WILSHIRE BOULEVARD
SUITE 615 · EAST TOWER
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE: (310) 273-9807
TELECOPIER: (310) 273-9809

June 30, 2008

<u>By Facsimile and US Mail</u>
310.553.0012

Howard S. Fisher, Esq.
8840 Wilshire Blvd. 2nd Floor
Beverly Hills, CA 90211

**Re:    Horowitz adv. United Staffing**

Dear Howard:

Judge Real signed the order extending Mr. Horowitz' time to respond to the Complaint until July 10, 2008.

This letter is to continue the "meet and confer" process begun by previous conversations among yourself, myself and Neal, in connection with our proposed motion to dismiss United Staffing's complaint under FRCP Rules 9(b), 12(b)(2), 12(b)(6) and 12(e), which we intend to file unless you voluntarily dismiss this Complaint forthwith.

First and foremost, we will move to dismiss on the basis that this Court lacks personal jurisdiction over Mr. Horowitz who does no business in this State and who, contrary to your allegation in paragraph 4, does not have his principle place of residence in this District. In fact, as set forth in the declaration Mr. Horowitz submitted in support of his motion to transfer, he resides in Chicago, Illinois and furthermore all of his contacts with your client material to this case were in Illinois not California. We fail to see any basis whatsoever for this Court to assert its jurisdiction against Mr. Horowitz.

We will also move to dismiss on the alternative grounds that the Complaint fails to state a claim against Mr. Horowitz and/or that we require a more definite statement to ascertain what you are trying to allege against Mr. Horowitz.



03
EXHIBIT A

*Breach of Contract*

There is no contract between your client and Mr. Horowitz and you have not alleged that there is. You should dismiss Mr. Horowitz from this claim. In fact, you should have attached the contract with Mercy to the Compliant instead of keeping it to yourself since it demonstrates this fat on its face.

*Common Counts*

The Common Counts must also be dismissed. Under Illinois law, which governs this case (as all events occurred in Illinois for choice of law purposes) there is no "common count" pleading. Even if the Court were to conclude hat California law governs, since the common count is merely a clever alternative pleading to collect money from Horowitz personally that he does not owe (there is no contract with Mr. Horowitz), your client has no claims under a "common count"against Mr. Horowitz.

*Fraud*

The fraud allegations are wholly inadequate to state a fraud claim against Horowitz, which must be pled with particularly to survive a motion to dismiss. The claim fails to allege who the alleged misrepresentations were made to, the date and time of the alleged misrepresentation and the exact nature of the misrepresentation. There is no way for Mr. Horowitz to know what you are saying constituted his alleged fraud.

*Alter Ego*

Your alter ego claim is similarly without merit. It is based on pure speculation and nothing else. You have not alleged that there is a unity of interest between Horowitz and Mercy such that Mercy no longer exists nor do you allege that injustice will result if Mercy is treated as a separate entity. Your "alter-ego" allegations are mere conclusions without foundation (i.e. that Horowitz used Mercy as an incorporated wallet).

You should have known before you filed this Complaint that the Defendant you denominated "Mercy Healthcare and Rehabilitation Centers" is actually an LLC under Illinois law. Instead, your complaint fabricates claims against Horowitz personally without any foundation for alleging that Mercy is not a properly constituted separate entity.

While this letter is not an exhaustive recitation of everything we will raise in a Motion to Dismiss, I trust you will see from the above that your Complaint has no business in this Court.

o4

Accordingly, unless you confirm that you will voluntarily dismiss this case against Mr. Horowitz, with prejudice, in its entirety on or before July 8, 2008, we will be forced to file this Motion with the Court and say we met and conferred unsuccessfully.

Very truly yours,

KENNETH D. FREUNDLICH

cc:     Victor Horowitz
        Kenneth Ashman, Esq.
        Neal Kitterlin, Esq.

05