Howard S. Fisher, Esq. CBN 70835
LAW OFFICES OF HOWARD S. FISHER
8840 Wilshire Boulevard, 2nd Floor
Beverly Hills, California 90211
Tel: (310) 553-2000
Fax: (310) 553-0012
hsf@howardsfisher.com

Attorneys for Plaintiff
United Staffing Solutions, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STAFFING SOLUTIONS, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VICTOR HOROWITZ, an individual; MERCY HEALTHCARE AND REHABILITATION CENTERS; and DOES 1 through 50, inclusive,<br><br>Defendants | CASE NO.: 08 CV 03312 R (FFMx)<br><br>LASC Case # BC390051, Filed on 5/2/08, Removed on 6/4/08<br><br>**PLAINTIFF UNITED STAFFING SOLUTIONS, INC.'S OPPOSITION TO DEFENDANT VICTOR HOROWITZ'S MOTION TO DISMISS**<br><br>Date: **August 4, 2008**<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Manuel L. Real |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff United Staffing Solutions, Inc., ("United") hereby submits its opposition to Defendant Victor Horowitz' ("Horowitz") Motion To Dismiss Pursuant To Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6) and 12(e).

1

| | | |
|---|---|---|
| 1 | Dated: July 15, 2008 | LAW OFFICES OF HOWARD S. FISHER |
| 2 | | By _____ |
| 3 | | Howard S. Fisher, counsel for Plaintiff United Staffing Solutions, Inc. |

2

Plaintiff's Opposition To Defs. Motion To Dismiss

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL OVERVIEW

United is a staffing agency, that supplies hospitals, nursing homes and similar business that utilize heath care workers (including aids, RNs, LVNs, and other allied professionals).

Horowitz is an owner of Mercy Healthcare, and was in charge of it's operations.

Horowitz and Mercy contracted with United, so that United would supply Horowitz and Mercy with staff. The staff that was supplied to Horowitz/Mercy was on United's payroll, so when United supplied Horowitz and Mercy, United paid the employees, and awaited payment from Horowitz/Mercy.

Horowitz is an owner of Mercy and received direct benefit from United supplying staff to Mercy (*see*, Horowitz Declaration, ¶ 3). Horowitz, in order to induce United to continue to supply staff, personally promised that United's invoices would be paid. Those promises of payment were made without any intent of paying.

By United supplying to Horowitz/Mercy more than $220,000 in staff-time (that is in excess of 5,000 hours), which they did not pay for, they were able to continue business, without paying their bills. United believes that Horowitz has now sold the assets of the operations of Mercy.

Horowitz, in his declaration, does not deny that staff was provided, and does not deny that it was provided at his request, nor that he promised to make payment, and that payment was not made.

### II.

### RULE 9(b) PLEADING WITH PARTICULARITY

In diversity cases the substantive elements of fraud are determined by state law (*Moore v. Brewester* (9th Cir. 1996) 96 F3d 1240, 1245-1246). The elements must be pleaded with particularity required by Rule 9(b).

The purpose of "particularity" is, *inter alia*, to ensure a defendant has sufficient

Plaintiff's Opposition To Defs. Motion To Dismiss

information to formulate a defense (*Harrison v. Westinghouse* (4th Cir. 1999) 176 F3d 776, 784. However, 9(b) must be read in harmony with Rule 8's requirement of a 'short and plain' statement (*Standerson v. HCA* (6th Cir. 2006) 447 F3d 873, 876).

The key elements of fraud to be included in the complaint are:

- Specificity of the allegations of fraud/omission (Complaint ¶10, 11, 19, 20, 35 )
- Allegations that the representations were false when made (Complaint ¶ ///36)
- Identity of the speaker (Complaint ¶ 10, 11)
- A statement of when and where the statements were made (Complaint ¶ 11)
- The manner in which the representations were false (Complaint ¶ 11, 36 and 37)

(*In re GlenFed, Inc. Secur. Litig* (9th Cir. 1994) 42 F3d 1541, 1547).

Each of the material requirements for pleading fraud are set forth in the Complaint in ¶¶ 10, 11, 35 and 36, and are sufficient to adequately put Horowitz on notice.

### III.
### RULE 12(b)(2) PERSONAL JURISDICTION

Horowitz engaged in purposeful telephone communications with Plaintiff in California, regarding the subject matter of the contract alleged in the Complaint. Thus Horowitz purposefully availing himself of conducting business in California, subjecting himself to specific jurisdiction relating to his contacts (contrary to Horowitz's claim, United is not asserting general jurisdiction)..

When Horowitz contact United, in California and did business with them, including ordering of staffing, receiving billing from, and making payment to California, and sending mail directly to Culver City regarding the account - Horowitz had sufficient minimum contacts with California to justify specific jurisdiction. (*Burger King Corp. V. Rudzewicz* (1985) 471 US 462, 476, the need for physical presence

4

Plaintiff's Opposition To Defs. Motion To Dismiss

within a state in which business is conducted is not longed required, as long as the actor's efforts are purposefully directed toward residents of another state. Contact such a phone has been held adequate under California law (*e.g., West Corp. V. Superior Court* (2004) 116 CA4th 1167, 1177-1178; and *Hall v. LaRonde* (1997) 56 CA4th 1342, 1344).

Horowitz relies upon the test in the *Schwarzenegger* case, which is no applicable - or this is not a case where someone is 'selling' into the state - rather this is a case where someone is calling into the state, seeking to purchase services.

## IV.

## RULE 12(b)(6) - FAILS TO STATE A CLAIM FOR RELIEF

Horowitz alleges that United's claims are all against an entity, Mercy Healthcare - and that he has no personal liability, hence, Plaintiff has failed to state viable claims against Horowitz. However, Paragraphs 10 and 11 of the Complaint (which are not denied by Horowitz) allege that the obligations were joint (*e.g.*, ¶ 10 "...Client [Mercy] and Horowitz, on behalf of the Client entered into a written contract..." and a separate oral contract - ¶ 11 "Horowitz on behalf of Client orally requested that Plaintiff continue to provide Defendants with certain personnel, and agreed to pay for same...").

Horowitz may have some type of indemnification claim against Mercy, but that does not negate his actions, in personally making false and misleading promises, in order that $220,000+ in staffing services be provided to a business that was owned by Horowitz.

Horowitz cites to the *McBride* case regarding 'common counts', which provides in part, in the headnote:

> "A common count is not a specific cause of action; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from a duty to make restitution...." (p. 381)

Horowitz's Motion misses the point of the case, under Rule 8, pleadings should be simplified. Under the California practice of pleading common counts, all that is

5

Plaintiff's Opposition To Defs. Motion To Dismiss

required is: (1) a statement of indebtedness of a certain sum, (2) consideration, and (3) non-payment (*Farmers Ins. Exchange v. Zerin*, 53 CA4th 445, 460). All of these elements have been plead (*see*, Complaint ¶¶ 11, 12 and 15).

As discussed above, fraud was plead with sufficient particularity in ¶¶ 10, 11, 35 and 36.

Alter ego - there is no doubt, based upon Horowitz' Motion, that he is aware of the nature of the claim being presented. All that the Motion addresses is counsel's speculation as to the existence of facts - none of which were addressed in Horowitz's declaration (*e.g.*, he never denied any of the facts alleged relating to alter ego). Horowitz refers to a two-part test, unity of interest and adherence of the fiction would be inequitable - both of which elements are addressed in ¶ 17, 18, 19, 20 and 42 of the Complaint.

## V.

## RULE 12(e) - REQUEST FOR A MORE DEFINITE STATEMENT

Motions for a more definite statement is a disfavored motion (*Rahman v. Johanns* (D CD 2007) 501 FS2d 8, 19); in part because of the rules of pleading under Rule 8.

Horowitz has not identified any specific deficiency in the pleadings. To the extent that are any, they can be addressed by discovery.

## VI.

## CONCLUSION

For all of the facts and reasons set forth above, and as to such further argument as may be heard by the Court at the hearing, United respectfully requests the Court deny Horowitz's motion in its entirety.

Dated: July 15, 2008                 LAW OFFICES OF HOWARD S. FISHER

By _____
Howard S. Fisher, counsel for Plaintiff
United Staffing Solutions, Inc.

6

Plaintiff's Opposition To Defs. Motion To Dismiss

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 8840 Wilshire Boulevard, 2nd Floor Beverly Hills, California 90211

On the date set forth below, I served the foregoing document described as:

**PLAINTIFF UNITED STAFFING SOLUTIONS, INC.'S OPPOSITION TO DEFENDANT VICTOR HOROWITZ'S MOTION TO DISMISS**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Kenneth D. Freundlich, Esq.
SCHLEIMER & FREUNDLICH, LLP
9100 Wilshire Blvd., Ste. 615 East
Beverly Hills, CA 90212
Tel. 310.273.9807
Fax. 310.273.9809
E-mail: kfreundlich@earthlink.net

Kenneth J. Ashman
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Ste. 2650
Chicago, Illinois 60603
Tel. 312.596.1700
Fax. 312.873.3800
E-Mail: Kashman@AshmanLawOffices.com

I deposited such envelopes in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if a postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing an in affidavit.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States, and of my own personal knowledge that the above is true and correct.

Executed July 15, 2008, at Los Angeles, California.

_____
Sean Suarez

7

Plaintiff's Opposition To Defs. Motion To Dismiss