Kenneth D. Freundlich (SBN: 119806)
SCHLEIMER & FREUNDLICH, LLP
9100 Wilshire Blvd. Ste. 615 East
Beverly Hills, CA 90212
P: 310.273.9807
F: 310.273.9809
E-Mail: kfreundlich@earthlink.net

Kenneth J. Ashman
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois  60603
P:  312.596.1700
F:  312.873.3800
E-Mail:  KAshman@AshmanLawOffices.com

*Attorneys for Defendant Victor Horowitz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STAFFING SOLUTIONS, INC., a corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VICTOR HOROWITZ, an individual; MERCY HEALTHCARE AND REHABILITATION CENTERS; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | 08 cv. 03312 R (FFMx)<br><br>**DEFENDANT VICTOR HOROWITZ'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS** |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendant Victor Horowitz ("Horowitz"), hereby submits his reply in further support of his motion for an order dismissing Plaintiff United Staffing Solutions, Inc.'s ("United Staffing") Verified Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6) and 12(e), and in support thereof states as follows:

## INTRODUCTION

Plaintiff's opposition provides no basis for this Court to exercise its personal jurisdiction over the Defendant Victor Horowitz.

As the Motion demonstrates, Defendant Victor Horowitz does not reside in California nor does he have the requisite contacts with this State to support personal jurisdiction here. Plaintiff's Verified Complaint is devoid of a single allegation tying either Horowitz or the named entity defendant, Mercy, to California.

Instead, without disputing the crucial fact that Plaintiff has an *Illinois-based* office through which all business relevant to this matter took place (or even acknowledging anywhere in the Verified Complaint or the opposition papers that such an office even exists!), Plaintiff opposes Horowitz' motion to dismiss with *ipse dixit* assertions of California contacts made up out of whole cloth, without support by Declaration or other verified statement.[1]

The facts as set forth in the Declaration of Victor Horowitz dated June 24, 2008, submitted in support of the Motion to Dismiss ("Horowitz Dec."), ignored and not contradicted in the Opposition, are:

- Horowitz conducted all relevant business with Plaintiff through Plaintiff's *Illinois office* (e-mail and telephonically) only and never with Plaintiff's California office. Horowitz Dec. ¶¶4-7.

- Horowitz conducted no personal business with Plaintiff at all. Instead, all contacts Horowitz had (all with Plaintiff's Illinois personnel) were on

---

[1] For example, on page 4, lines 20-24 of the opposition, Plaintiff contradicts Horowitz' sworn declaration with the naked falsehood that: "Horowitz engaged in purposeful telephone communications with Plaintiff in California", with no evidentiary support for that fact. Not surprisingly, Plaintiff failed to even respond to Horowitz' Motion to Transfer which also demonstrated Horowitz total lack of requisite contact to this forum.

behalf of an unnamed Illinois LLC - Mercy Nursing & Rehab Center LLC[2] - of which Horowitz is a member. Horowitz Dec. ¶ ¶4, 6-7.

Furthermore, as set forth in the Declaration of Victor Horowitz dated July 28, 2008 and submitted herewith ("Horowitz Reply Dec."):

- United Staffing never performed any services, including the provision of staff, to Horowitz personally. Horowitz Reply Dec., ¶ 2.
- Horowitz never personally benefitted from the services United Staffing provided to Mercy. Horowitz Reply Dec., ¶ 3.
- Horowitz never made any promises that he would personally pay any invoices sent by United Staffing to Mercy for the services performed to Mercy. Horowitz Reply Dec., ¶ 4.
- Horowitz never engaged in any telephone communications with United Staffing in California. Horowitz Reply Dec., ¶ 5.
- Horowitz has never ordered staffing for Mercy from California, has never addressed an envelope for Mercy destined for California, conducting all communication (e-mail, telephone or regular mail), in the State of Illinois. Horowitz Reply Dec., ¶ 6.
- Mercy has observed all requisite formalities of LLC existence and Horowitz has never used Mercy as an "incorporated wallet" or otherwise failed to observe the corporate formalities. Horowitz Reply Dec., ¶ 8.

Furthermore, as set forth in the Motion to Dismiss and hereinbelow, the Verified Complaint fails to factually allege a cause of action against Horowitz.

Based on this Motion, the uncontroverted declarations of Defendant Victor Horowitz, and

---

[2] The LLC is the correct entity with which Plaintiff's Illinois office contracted. Even though Plaintiff has been aware of this fact since Horowitz filed his Motion to Transfer, Plaintiff has taken no steps to add this Defendant which is Illinois-based, to this action.

the lack of any competent evidence to support any opposition to the relief requested in the Motion to Dismiss, this Court should dismiss the entirety of the Verified Complaint alleged against Horowitz, with prejudice.

## ARGUMENT

### A. Plaintiff May Not Assert Personal Jurisdiction Over Horowitz

As established in Horowitz's motion pursuant to Rule 12(b)(2), all of Horowitz's contacts with United Staffing have been with its Illinois offices and none were in California. See Horowitz Dec. ¶¶ 4-7 and Horowitz Reply Dec.¶¶ 5-7. The Opposition provides no competent evidence to the contrary because there is no refuting Horowitz statements.

Indeed, the thin factual reed upon which Plaintiff asserts personal jurisdiction over Horowitz is contained in unsupported and made-up statements in the Opposition (Opposition 4:20-28) that Horowitz made phone calls to California to conduct Mercy's business, ordered staffing from California, received billing from California and made payment by sending mail to Culver City, and is totally false. The Horowitz Dec. and the Horowitz Reply Dec. put the lie to this fictional storytelling and make plain that there is nothing to tie Defendant Horowitz to activity in California. See Horowitz Dec. ¶¶ 4-7 and Horowitz Reply Dec.¶¶ 5-7.

These naked statements by counsel in a brief are insufficient to provide this Court with any basis to require Defendant Horowitz to defend himself in this Court.

Plaintiff's case law is also inapposite. In *West Corp. v. Superior Court,* 116 Cal.App.4th 1167, 1177 (4th Dist. 2004), the Court asserted jurisdiction where the defendant "intentionally aimed a sales pitch at a California resident." Here, as the Horowitz Reply Dec. demonstrates, neither Horowitz (nor Mercy), solicited or tried to solicit business from Plaintiff in California – instead, Mercy sought, from the Plaintiff's *Illinois* office, *Illinois*-licensed nursing personnel to work at its *Illinois* location. Horowitz Reply Dec. ¶7. In *Hall v. LaRonde*, 56 Cal.App.4th 1342 (2nd Dist. 1997), jurisdiction was asserted where there were multiple and close contacts between the Defendant and California. Here, neither Horowitz nor Mercy, engaged in any contacts with

4

California, and certainly not the multiple and close contacts with California envisioned by *Hall*.

Since Defendant Horowitz conducted no business here, this Court may not exercise personal jurisdiction over Defendant Horowitz and this Verified Complaint must be dismissed. *Schwartzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797 (9th Cir. 2004).

**B.    Plaintiff's Complaint Fails to State a Claim Against Victor Horowitz**

  1.    *The Breach of Contract Claim is Insufficient*

In support of its Breach of Contract claim against Defendant Horowitz, Plaintiff relies solely on statements from its Verified Complaint that Horowitz contracted with United Staffing "*on behalf of [Mercy]*" Verified Complaint, ¶ 10-11 (emphasis added), to claim that Horowitz is mysteriously responsible for Mercy's obligations under the contract between Plaintiff and Mercy.

Plaintiff's theory holds no water and totally distorts agency law in both California and Illinois.

Plaintiff's claim against Horowitz is based solely on Plaintiff's allegation that Horowitz, *on behalf of [Mercy]*, entered into a contract with Plaintiff - thus Horowitz was a disclosed agent for his principle, Mercy.

It is hornbook law that "[A] personal judgment for damages for breach of contract may not be obtained against a known agent of a disclosed principal." *Sackett v. Wyatt*, 32 Cal.App.3d 592, 597 (4th Dist. 1973). United Staffing plainly states that it knew Horowitz was acting on Mercy's behalf, and therefore does not (and cannot) state a breach of contract claim against him.

This Court should therefor not only dismiss this Verified Complaint for the obvious lack of personal jurisdiction, but in doing so should dismiss the Breach of Contract claim with prejudice to prevent Plaintiff from reasserting these meritless allegations anywhere else.

  2.    *Plaintiff's Common Counts Should Be Dismissed*

Plaintiff admits that "common counts" are merely a simplified form of pleading, not a separate count. Nonetheless, ignoring the cases cited in the Motion to Dismiss which require a Court to dismiss the duplicative common counts when a breach of contract claim is dismissed,

*McBride v. Boughton*, 123 Cal.App.4th 379, 394 (1st Dist. 2004), Plaintiff urges this Court to permit its common count claims to proceed.

Plaintiff also ignores the choice of law issue and the fact that Illinois, the forum with the most interest in this action and the likely choice of law, does not permit "common count" pleading.

Finally, Plaintiff does not oppose the Motion to Dismiss the first "open book account" claim for failing to allege that the alleged books of record are the principal record of any transactions. *See* Motion to Dismiss, page 13:10-24.

Thus, regardless of whether it is Illinois or California law, these "common counts' should not survive this motion to dismiss and they should also be dismissed with prejudice to prevent them from being raised anywhere else.

### 3. *The Fraud Allegations Are Not Pled Sufficiently*

Plaintiff's response provides nothing new in the way of explanation as to how the bare allegations pled in its Verified Complaint are sufficient under the heightened pleading standard of Rule 9(b) – it just bullishly continues to claim the same tired, amorphous allegations are indeed sufficient. But, as set forth in detail in the Motion to Dismiss, Plaintiff's allegations are vague and conclusory and totally insufficient to sustain a fraud count.

Again, Plaintiff ignores the choice of law issue and the fact that Illinois law simply prohibits "promissory fraud" claims as Plaintiff attempts to make here. California law, on the other hand, permits these claims in the narrow circumstance when Plaintiff pleads the who, what, when and where of the alleged fraud, *see Moore v. Brewster*, 96 F. 3d 1240 (9th Cir. 1996). - allegations which, as demonstrated in the Motion to Dismiss, are lacking here.

As with the remainder of this Verified Complaint, this Court should recognize that Plaintiff's fraud claim is specious and dismiss it with prejudice.

### 4.   *Plaintiff's Alter-Ego Claim Should Be Dismissed*

Instead of addressing the infirmity of is alter ego claim, alleged on "information and belief", Plaintiff states in conclusion that it has addressed all necessary elements. Opposition 6:6-12. Plaintiff entirely ignores the multiple factors considered under the alter ego case cases and discussed in the Motion to Dismiss, and the fact that the Verified Complaint does not fit the rubric of this claims set forth in the relevant case law. *See Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 244-245 (4th Dist. 2002).

Instead, Plaintiff relies on the fact that Horowitz did not specifically deny the alter ego "facts" alleged on information and belief. To the extent that these are discernable from the otherwise vague allegations in this regard, Plaintiff alleges that: (i) monies were routinely directed from Mercy to other defendants to leave Mercy with insufficient funds to pay its creditors (Verified Complaint ¶17), (ii) Horowitz used Mercy to pay personal expenses (Verified Complaint ¶18), and that Horowitz disregarded the corporate entity by systematically using the Corporate assets as his own (Verified Complaint ¶42). These facts, alleged only on information and belief, are false, as set forth in Horowitz Reply Dec. ¶8. Moreover, without more, even if true, are insufficient to sustain an alter ego claim. *See* Motion to Dismiss, page 17:1-19:3.

The simple fact is that United Staffing's Verified Complaint does not adequately allege the elements of a claim for alter-ego because these facts would be mere speculation and conjecture. No quantity of conclusory statements to the contrary can make it so.

Plaintiff's alter-ego claim, just like all its other claims against Horowitz, should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth in the Motion and herein, all claims against Defendant Victor Horowitz should be dismissed with prejudice.

Dated: July 28, 2008

SCHLEIMER & FREUNDLICH, LLP
KENNETH D. FREUNDLICH

By: /s/ Kenneth D. Freundlich
Kenneth D. Freundlich
Attorneys for Defendant Victor Horowitz

*Of Counsel*:
Kenneth J. Ashman
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
(312) 596-1700

## PROOF OF SERVICE
## BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9100 Wilshire Boulevard, Suite 615 East, Beverly Hills, California 90212.

On *July 28, 2008* I served the foregoing document described as: **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS*** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Howard S. Fisher, Esq.
8840 Wilshire Blvd. 2nd Floor
Beverly Hills, CA 90211

**BY MAIL**

I deposited the sealed envelopes in the United States mail at Beverly Hills, California, addressed as stated above. The envelopes were mailed with first class postage thereon fully prepaid.

Executed on *July 28, 2008* at Beverly Hills, California.

I declare under penalty of perjury under the laws of the United States and California, that the above is true and correct.

_Kenneth D. Freundlich_      _[signature]_
Type or Print Name      Signature

Kenneth D. Freundlich (SBN: 119806)
**SCHLEIMER & FREUNDLICH, LLP**
9100 Wilshire Blvd. Ste. 615 East
Beverly Hills, CA 90212
P: 310.273.9807
F: 310.273.9809
E-Mail: kfreundlich@earthlink.net

Kenneth J. Ashman
**ASHMAN LAW OFFICES, LLC**
55 West Monroe Street, Suite 2650
Chicago, Illinois  60603
P:  312.596.1700
F:  312.873.3800
E-Mail:  KAshman@AshmanLawOffices.com

*Attorneys for Defendant Victor Horowitz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STAFFING SOLUTIONS, INC., a corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>VICTOR HOROWITZ, an individual; MERCY HEALTHCARE AND REHABILITATION CENTERS; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 cv. 03312<br><br><br><br>**DECLARATION OF<br>VICTOR HOROWITZ** |

STATE OF ILLINOIS     )
                                       : ss.:
COUNTY OF COOK     )

      **VICTOR HOROWITZ,** being duly sworn and deposed, says under penalty of perjury:

      1.     I am a defendant in the above-captioned case.

      2.     United Staffing never performed any services, including the provision of staff, to me personally.

3. I never personally benefitted from the services United Staffing provided to Mercy.

4. I never made any promises that he would personally pay any invoices sent by United Staffing to Mercy for the services performed to Mercy.

5. I never engaged in any telephone communications with United Staffing in California.

6. I have never ordered staffing for Mercy from California, have never addressed an envelope for Mercy destined for California, and have conducted all communication (e-mail, telephone or regular mail), in the State of Illinois.

7. Mercy sought, from the Plaintiff's Illinois office, Illinois-licensed nursing personnel to work at its Illinois location.

8. Mercy has observed all requisite formalities of LLC existence and I have never used Mercy as an "incorporated wallet" or otherwise failed to observe the corporate formalities.

AFFIANT FURTHER SAYETH NOT.

Dated: July 28, 2008

Victor Horowitz

Subscribed and sworn to before me
this 22nd day of July, 2008

Notary

"OFFICIAL SEAL"
CINTHYA SALDANA
Notary Public, State of Illinois
My Commission Expires Dec. 19, 2009
Commission No. 640966